MICHAEL FAILLACE ESQ.
60 East 42nd Street, Suite 4510
New York, New York 10165
Telephone: (212) 317-1200
Facsimile: (212) 317-1620
*Attorneys for Plaintiffs*

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
------------------------------------------------------X
JOSE PABLO REYES and PABLO MERINO
GONZALEZ, *individually and on behalf of*
*others similarly situated,*

*Plaintiffs*,

-against-

65 BURNSIDE   MEAT MARKET CORP.
(D/B/A SAGAL MEAT MARKET ), SAGAL
MEAT MARKET III INC. (D/B/A SAGAL
MEAT MARKET), SAGAL FISH MARKET
INC. (D/B/A SAGAL FISH MARKET), JOSE
SANCHEZ,   VICTOR   SANCHEZ,   Lenny
Sanchez and FERNANDO SANCHEZ,

*Defendants.*

------------------------------------------------------X

**COMPLAINT**

**COLLECTIVE ACTION UNDER**
**29 U.S.C. § 216(b)**

**ECF Case**

Plaintiffs Jose Pablo Reyes and Pablo Merino Gonzalez , individually and on behalf of

others similarly situated (collectively, "Plaintiffs"), by and through their attorneys, Michael

Faillace Esq., upon their knowledge and belief, and as against 65 BURNSIDE  MEAT MARKET

CORP. (D/B/A SAGAL MEAT MARKET ), Sagal Meat Market III inc. (d/b/a Sagal Meat

MARKET), Sagal Fish Market Inc. (d/b/a Sagal Fish Market), ("Defendant Corporations"), Jose

Sanchez,  Victor SANCHEZ, Lenny Sanchez and  Fernando Sanchez, ("Individual Defendants"),

(collectively, "Defendants"), allege as follows:

**NATURE OF ACTION**

1.     Plaintiffs are former employees of Defendants 65 Burnside  MEAT MARKET CORP. (D/B/A SAGAL MEAT MARKET ), Sagal Meat Market III inc. (d/b/a Sagal Meat MARKET), Sagal Fish Market Inc. (d/b/a Sagal Fish Market), JOSE Sanchez, Victor Sanchez, Lenny Sanchez and Fernando Sanchez.

2.      Defendants own(ed) operate(d), or control(led) three  supermarkets, located  at 65 East Burnside Avenue, Bronx, NY 10453 and 514 E. 134th Street, Bronx, Ny 10454 under the name "Sagal Meat Market ", and at 3438 Jerome Avenue, Bronx, NY 10467 under the name "Sagal Fish Market".

3.     Upon information and belief, individual Defendants Jose Sanchez, Victor Sanchez, Lenny Sanchez and Fernando Sanchez, serve or served as owners, managers, principals, or agents of Defendant Corporations and, through these corporate entities, operate or operated the supermarkets as a joint or unified enterprise.

4.     Plaintiffs were employed as a grocery attendant and a produce worker at the supermarkets located at 65 East Burnside Avenue, Bronx, NY 10453, 514 E. 134th Street, Bronx, Ny 10454, and 3438 Jerome Avenue, Bronx, NY 10467.

5.     At all times relevant to this Complaint, Plaintiffs worked for Defendants in excess of 40 hours per week, without appropriate minimum wage, overtime, and spread of hours compensation for the hours that they  worked.

6.     Rather, Defendants failed to maintain accurate recordkeeping of the hours worked, failed to pay Plaintiffs appropriately for any hours worked, either at the straight rate of pay or for any additional overtime premium.

- 2 -

7.    Further, Defendants failed to pay Plaintiffs the required "spread of hours" pay for any day in which they had to work over 10 hours a day.

8.    Furthermore, Defendants repeatedly failed to pay Plaintiffs wages on a timely basis.

9.    Defendants' conduct extended beyond Plaintiffs to all other similarly situated employees.

10.    At all times relevant to this Complaint, Defendants maintained a policy and practice of requiring Plaintiffs and other employees to work in excess of forty (40) hours per week without providing the minimum wage and overtime compensation required by federal and state law and regulations.

11.    Plaintiffs now bring this action on behalf of themselves, and other similarly situated individuals, for unpaid minimum and overtime wages pursuant to the Fair Labor Standards Act of 1938, 29 U.S.C. § 201 *et seq*. ("FLSA"), and for violations of the N.Y. Labor Law §§ 190 *et seq*. and 650 *et seq*. (the "NYLL"), and the "spread of hours" and overtime wage orders of the New York Commissioner of Labor codified at N.Y. COMP. CODES R. & REGS. tit. 12, § 146-1.6 (herein the "Spread of Hours Wage Order"), including applicable liquidated damages, interest, attorneys' fees and costs.

12.    Plaintiffs seek certification of this action as a collective action on behalf of themselves, individually, and all other similarly situated employees and former employees of Defendants pursuant to 29 U.S.C. § 216(b).

## JURISDICTION AND VENUE

13.    This Court has subject matter jurisdiction under 28 U.S.C. § 1331 (federal question) and the FLSA, and supplemental jurisdiction over Plaintiffs' state law claims under 28 U.S.C. § 1367(a).

14.    Venue is proper in this district under 28 U.S.C. § 1391(b) and (c) because all, or a substantial portion of, the events or omissions giving rise to the claims occurred in this district, Defendants maintain their corporate headquarters and offices within this district, and Defendants operate three supermarkets located in this district. Further, Plaintiffs were employed by Defendants in this district.

## PARTIES

### *Plaintiffs*

15.    Plaintiff Jose Pablo Reyes ("Plaintiff Reyes" or "Mr. Reyes") is an adult individual residing in Bronx County, New York.

16.    Plaintiff Reyes was employed by Defendants at the Sagal Meat Markets and at the Sagal Fish Market  from approximately 2015 until on or about March 2020 and from approximately April 2020 until on or about January 11, 2025.

17.    Plaintiff Pablo Merino Gonzalez ("Plaintiff Merino" or "Mr. Merino") is an adult individual residing in Bronx County, New York.

18.    Plaintiff Merino was employed by Defendants at the Sagal Meat Market located on 65 E. Burnside Avenue, from approximately 2015 until on or about January 11, 2025.

19.    Plaintiffs consent to being  party plaintiffs pursuant to 29 U.S.C. § 216(b), and bring these claims based upon the allegations herein as  representative parties of a prospective class of similarly situated individuals under 29 U.S.C. § 216(b).

### *Defendants*

20.    At all relevant times, Defendants owned, operated, or controlled three  supermarkets, located at 65 East Burnside Avenue, Bronx, NY 10453 and 514 E. 134th Street, Bronx, Ny 10454

- 4 -

under the name "Sagal Meat Market ", and at 3438 Jerome Avenue, Bronx, Ny 10467 under the name "Sagal Fish Market".

21.    Upon information and belief, 65 Burnside  Meat Market Corp. (d/b/a Sagal Meat Market ) is a domestic corporation organized and existing under the laws of the State of New York. Upon information and belief, it maintained its principal place of business at 65 East Burnside Avenue, Bronx, NY 10453.

22.    Upon information and belief, Sagal  Meat Market III Inc. (d/b/a Sagal Meat Market ) is a domestic corporation organized and existing under the laws of the State of New York. Upon information and belief, it maintains its principal place of business at 514 E. 134th Street , Bronx, NY 10454.

23.    Upon information and belief, Sagal Fish Market Corp. (d/b/a Sagal Fish Market ) is a domestic corporation organized and existing under the laws of the State of New York. Upon information and belief, it maintains its principal place of business at 3438 Jerome Avenue, Bronx, NY 10467.

24.    Defendant Jose Sanchez is an individual engaging (or who was engaged) in business in this judicial district during the relevant time period. Defendant Jose Sanchez is sued individually in his capacity as owner, officer and/or agent of Defendant Corporations. Defendant Jose Sanchez possessed operational control over Defendant Corporations, an ownership interest in Defendant Corporations, and controlled significant functions of Defendant Corporations. He determined the wages and compensation of the employees of Defendants, including Plaintiffs, established the schedules of the employees, maintained employee records, and had the authority to hire and fire employees.

25. Defendant Victor Sanchez is an individual engaging (or who was engaged) in business in this judicial district during the relevant time period. Defendant Victor Sanchez is sued individually in his capacity as owner, officer and/or agent of Defendant Corporations. Defendant Victor Sanchez possessed operational control over Defendant Corporations, an ownership interest in Defendant Corporations, and controlled significant functions of Defendant Corporations. He determined the wages and compensation of the employees of Defendants, including Plaintiffs, established the schedules of the employees, maintained employee records, and had the authority to hire and fire employees.

26. Defendant Lenny Sanchez is an individual engaging (or who was engaged) in business in this judicial district during the relevant time period. Defendant Lenny Sanchez is sued individually in his capacity as owner, officer and/or agent of Defendant Corporations. Defendant Lenny Sanchez possessed operational control over Defendant Corporations, an ownership interest in Defendant Corporations, and controlled significant functions of Defendant Corporations. He determined the wages and compensation of the employees of Defendants, including Plaintiffs, established the schedules of the employees, maintained employee records, and had the authority to hire and fire employees.

27. Defendant Fernando Sanchez is an individual engaging (or who was engaged) in business in this judicial district during the relevant time period. Defendant Fernando Sanchez is sued individually in his capacity as owner, officer and/or agent of Defendant Corporations. Defendant Fernando Sanchez possessed operational control over Defendant Corporations, an ownership interest in Defendant Corporations, and controlled significant functions of Defendant Corporations. He determined the wages and compensation of the employees of Defendants,

including Plaintiffs, established the schedules of the employees, maintained employee records, and had the authority to hire and fire employees.

## **FACTUAL ALLEGATIONS**

*Defendants Constitute Joint Employers*

28.    Defendants operate three  supermarkets located in the Morris Heights, South Bronx and  Mosholu  sections of The Bronx in New York .

29.    Individual Defendants, Jose Sanchez, Victor Sanchez, Lenny Sanchez and Fernando Sanchez, possess operational control over Defendant Corporations, possess ownership interests in Defendant Corporations, and control significant functions of Defendant Corporations.

30.    Defendants are associated  and joint employers, act in the interest of each other with respect to employees, pay employees by the same method, and share control over the employees.

31.    Each Defendant possessed substantial control over Plaintiffs' (and other similarly situated employees') working conditions, and over the policies and practices with respect to the employment and compensation of Plaintiffs, and all similarly situated individuals, referred to herein.

32.    Defendants jointly employed Plaintiffs (and all similarly situated employees) and are Plaintiffs' (and all similarly situated employees') employers within the meaning of 29 U.S.C. 201 *et seq*. and the NYLL.

33.    In the alternative, Defendants constitute a single employer of Plaintiffs and/or similarly situated individuals.

34.    Upon information and belief, Individual Defendants Jose Sanchez, Victor SANCHEZ, Lenny Sanchez and Fernando Sanchez operate Defendant Corporations as either alter

egos of themselves and/or fail to operate Defendant Corporations as entities legally separate and apart from themselves, by among other things:

    a)  failing to adhere to the corporate formalities necessary to operate Defendant Corporations as Corporations,

    b)  defectively forming or maintaining the corporate entities of Defendant Corporations, by, amongst other things, failing to hold annual meetings or maintaining appropriate corporate records,

    c)  transferring assets and debts freely as between all Defendants,

    d)  operating Defendant Corporations for their own benefit as the sole or majority shareholders,

    e)  operating Defendant Corporations for their own benefit and maintaining control over these Corporations as closed Corporations,

    f)  intermingling assets and debts of their own with Defendant Corporations,

    g)  diminishing and/or transferring assets of Defendant Corporations to avoid full liability as necessary to protect their own interests, and

    h)  Other actions evincing a failure to adhere to the corporate form.

35.   At all relevant times, Defendants were Plaintiffs' employers within the meaning of the FLSA and New York Labor Law.

36.   Defendants had the power to hire and fire Plaintiffs, controlled the terms and conditions of employment, and determined the rate and method of any compensation in exchange for Plaintiffs' services.

37.    In each year from 2019 to 2025, Defendants, both separately and jointly, had a gross annual volume of sales of not less than $500,000 (exclusive of excise taxes at the retail level that are separately stated).

38.    In addition, upon information and belief, Defendants and/or their enterprise were directly engaged in interstate commerce. As an example, numerous items that were sold by the supermarkets on a daily basis are goods produced outside of the State of New York.

*Individual Plaintiffs*

39.    Plaintiffs are former employees of Defendants who were employed as a grocery attendant and a produce worker.

40.    Plaintiffs seek to represent a class of similarly situated individuals under 29 U.S.C. 216(b).

*Plaintiff Jose Pablo Reyes*

41.    Plaintiff Reyes was employed by Defendants at the three supermarkets from approximately 2015 until on or about March 2020 and from approximately April 2020 until on or about January 11, 2025 .

42.    Defendants employed Plaintiff Reyes as a grocery attendant.

43.    Plaintiff Reyes regularly handled goods in interstate commerce, such as food and other supplies produced outside the State of New York.

44.    Plaintiff Reyes's work duties required neither discretion nor independent judgment.

45.    Throughout his employment with Defendants, Plaintiff Reyes regularly worked in excess of 40 hours per week.

46.    From approximately January 2019 until on or about March 2020 and from approximately  April 2020 until on or about January 11, 2025, Plaintiff Reyes worked from

approximately 8:00 a.m. until on or about 7:00 p.m., Mondays, Tuesdays, Fridays and Saturdays, from approximately 8:00 a.m. until on or about 10:00 p.m. on Wednesdays and Thursdays and from approximately 7:00 a.m. until on or about 12:00 p.m. on Sundays; (typically 77 hours per week).

47.    From approximately February 2019 until on or about December 2020, Defendants paid Plaintiff Reyes his wages in a combination of check and cash ($247 by check and the rest in cash).

48.    From approximately January 2021 until on or about January 2025, Defendants paid Plaintiff Reyes his wages in cash.

49.    From approximately January 2019 until on or about December 2019, Defendants paid Plaintiff Reyes a fixed salary of $120.00 per day.

50.    From approximately January 2020 until on or about December 2021, Defendants paid Plaintiff Reyes a fixed salary of $130.00 per day.

51.    From approximately January 2022 until on or about December 2023,Defendants paid Plaintiff Reyes a fixed salary of $160.00 per day.

52.    From approximately January 2024 until on or about January 11, 2025, Defendants paid Plaintiff Reyes a fixed salary of $180.00 per day.

53.    Plaintiff Reyes's pay did not vary even when he was required to stay later or work a longer day than his usual schedule.

54.    For example, Defendants required Plaintiff Reyes to work an additional three hours 4 days a week, and additional 6 hours two days a week and 5 hours on Sundays, and did not pay him for the additional time he worked.

55.    Although Plaintiff Reyes was required to keep track of his time, Defendants required him to punch out at 4:00 p.m. Mondays through Saturdays and required him to work 3 extra hours Mondays, Tuesdays, Fridays and Saturdays and 6 extra hours on Wednesdays and Thursdays.

56.    In addition, Defendants required Plaintiff Reyes to sign a document, the contents of which he was not allowed to review, in order to release his weekly pay.

57.    No notification, either in the form of posted notices or other means, was ever given to Plaintiff Reyes regarding overtime and wages under the FLSA and NYLL.

58.    Defendants did not provide Plaintiff Reyes an accurate statement of wages, as required by NYLL 195(3).

59.    In fact, Defendants adjusted Plaintiff Reyes's paystubs so that they reflected inaccurate wages and hours worked.

60.    Defendants did not give any notice to Plaintiff Reyes, in English and in Spanish (Plaintiff Reyes's primary language), of his rate of pay, employer's regular pay day, and such other information as required by NYLL §195(1).

61.    Defendants required Plaintiff Reyes to purchase "tools of the trade" with his own funds—including 3 packages of gloves per month.

*Plaintiff Pablo Merino Gonzalez*

62.    Plaintiff Merino was employed by Defendants at the supermarket located on 65 E. Burnside Avenue, from approximately 2015 until on or about January 11, 2025.

63.    Defendants employed Plaintiff Merino as a produce worker.

64.    Plaintiff Merino regularly handled goods in interstate commerce, such as food and other supplies produced outside the State of New York.

65.    Plaintiff Merino's work duties required neither discretion nor independent judgment.

66.    Throughout his employment with Defendants, Plaintiff Merino regularly worked in excess of 40 hours per week.

67.    From approximately January  2019 until on or about December 2019 and from approximately January 2021 until on or about January 11, 2025, Plaintiff Merino worked from approximately 7:00 a.m. until on or about 6:00 p.m., 6 days a week  (typically 66 hours per week).

68.    From approximately January 2020 until on or about December 2020, Plaintiff Merino worked from approximately  7:00 a.m. until on or about 6:00 p.m. seven days a week (typically 77 hours per week).

69.    Throughout his employment, Defendants paid Plaintiff Merino his wages in cash.

70.    From approximately January 2019 until on or about December 2019, Defendants paid Plaintiff Merino a fixed salary of $120.00 per day.

71.    From approximately January 2020 until on or about January 11, 2025, Defendants paid Plaintiff Merino a fixed salary of $130.00 per day .

72.    No notification, either in the form of posted notices or other means, was ever given to Plaintiff Merino regarding overtime and wages under the FLSA and NYLL.

73.    Defendants did not provide Plaintiff Merino an accurate statement of wages, as required by NYLL 195(3).

74.    Defendants did not give any notice to Plaintiff Merino, in English and in Spanish (Plaintiff Merino's primary language), of his rate of pay, employer's regular pay day, and such other information as required by NYLL §195(1).

*Defendants' General Employment Practices*

75.    At all times relevant to this Complaint, Defendants maintained a policy and practice of requiring Plaintiffs (and all similarly situated employees) to work in excess of 40 hours a week

without paying them appropriate minimum wage, spread of hours pay, and overtime compensation as required by federal and state laws.

76.     Plaintiffs were victims of Defendants' common policy and practices which violate their rights under the FLSA and New York Labor Law by, *inter alia*, not paying them the wages they were owed for the hours they worked

77.     Defendants' pay practices resulted in Plaintiffs not receiving payment for all their hours worked, and resulted in Plaintiffs' effective rate of pay falling below the required minimum wage rate.

78.     Specifically, Defendants habitually required Plaintiff Reyes to work additional hours beyond his regular shifts but did not provide him with any additional compensation.

79.     Defendants willfully disregarded and purposefully evaded recordkeeping requirements of the FLSA and NYLL by failing to maintain accurate and complete timesheets and payroll records.

80.     Defendants' time keeping system did not reflect the actual hours that Plaintiffs worked.

81.     Defendants required Plaintiffs to sign a document the contents of which they were not allowed to review in detail.

82.     Defendants paid Plaintiffs their wages in either a combination of check and cash or all cash.

83.     Defendants failed to post at the workplace, or otherwise provide to employees, the required postings or notices to employees regarding the applicable wage and hour requirements of the FLSA and NYLL.

84.    Upon information and belief, these practices by Defendants were done willfully to disguise the actual number of hours Plaintiffs (and similarly situated individuals) worked, and to avoid paying Plaintiffs properly for their full hours worked.

85.    Defendants engaged in their unlawful conduct pursuant to a corporate policy of minimizing labor costs and denying employees compensation by knowingly violating the FLSA and NYLL.

86.    Defendants' unlawful conduct was intentional, willful, in bad faith, and caused significant damages to Plaintiffs and other similarly situated former workers.

87.    Defendants failed to provide Plaintiffs  and other employees with accurate wage statements at the time of their payment of wages, containing: the dates of work covered by that payment of wages; name of employee; name of employer; address and phone number of employer; rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; gross wages; deductions; allowances, if any, claimed as part of the minimum wage; net wages; the regular hourly rate or rates of pay; the overtime rate or rates of pay; the number of regular hours worked; and the number of overtime hours worked, as required by NYLL §195(3).

88.    Defendants failed to provide Plaintiffs  and other employees, at the time of hiring and on or before February 1 of each subsequent year, a statement in English and the employees' primary language, containing: the rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; allowances, if any, claimed as part of the minimum wage, including tip, meal, or lodging allowances; the regular pay day designated by the employer; the name of the employer; any "doing business as" names used by the employer; the physical address of the employer's main office or principal place of business, and a mailing address

if different; and the telephone number of the employer, as required by New York Labor Law §195(1).

## FLSA COLLECTIVE ACTION CLAIMS

89.     Plaintiffs bring their FLSA minimum wage, overtime compensation, and liquidated damages claims as a collective action pursuant to FLSA Section 16(b), 29 U.S.C. § 216(b), on behalf of all similarly situated persons (the "FLSA Class members"), i.e., persons who are or were employed by Defendants or any of them, on or after the date that is three years before the filing of the complaint in this case (the "FLSA Class Period").

90.     At all relevant times, Plaintiffs and other members of the FLSA Class were similarly situated in that they had substantially similar job requirements and pay provisions, and were subject to Defendants' common practices, policies, programs, procedures, protocols and plans including willfully failing and refusing to pay them the required minimum wage, overtime pay at a one and one-half their regular rates for work in excess of forty (40) hours per workweek under the FLSA, and willfully failing to keep records, as required under the FLSA.

91.     The claims of Plaintiffs stated herein are similar to those of the other employees.

## FIRST CAUSE OF ACTION

## VIOLATION OF THE MINIMUM WAGE PROVISIONS OF THE FLSA

92.     Plaintiffs repeat and reallege all paragraphs above as though fully set forth herein.

93.     At all times relevant to this action, Defendants were Plaintiffs' employers within the meaning of the Fair Labor Standards Act, 29 U.S.C. § 203(d).  Defendants had the power to hire and fire Plaintiffs (and the FLSA Class Members), controlled the terms and conditions of their

employment, and determined the rate and method of any compensation in exchange for their employment.

94.    At all times relevant to this action, Defendants were engaged in commerce or in an industry or activity affecting commerce.

95.    Defendants constitute an enterprise within the meaning of the Fair Labor Standards Act, 29 U.S.C. § 203 (r-s).

96.    Defendants failed to pay Plaintiffs (and the FLSA Class members) at the applicable minimum hourly rate, in violation of 29 U.S.C. § 206(a).

97.    Defendants' failure to pay Plaintiffs (and the FLSA Class members) at the applicable minimum hourly rate was willful within the meaning of 29 U.S.C. § 255(a).

98.    Plaintiffs (and the FLSA Class members)were damaged in an amount to be determined at trial.

## SECOND CAUSE OF ACTION

## VIOLATION OF THE OVERTIME PROVISIONS OF THE FLSA

99.    Plaintiffs repeat and reallege all paragraphs above as though fully set forth herein.

100.    Defendants, in violation of 29 U.S.C. § 207(a)(1), failed to pay Plaintiffs (and the FLSA Class members) overtime compensation at a rate of one and one-half times the regular rate of pay for each hour worked in excess of forty hours in a work week.

101.    Defendants' failure to pay Plaintiffs (and the FLSA Class members), overtime compensation was willful within the meaning of 29 U.S.C. § 255(a).

102.    Plaintiffs (and the FLSA Class members)were damaged in an amount to be determined at trial.

## THIRD CAUSE OF ACTION

### VIOLATION OF THE NEW YORK MINIMUM WAGE ACT

103.    Plaintiffs repeat and reallege all paragraphs above as though fully set forth herein.

104.    At all times relevant to this action, Defendants were Plaintiffs' employers within the meaning of the N.Y. Lab. Law §§ 2 and 651.  Defendants had the power to hire and fire Plaintiffs, controlled the terms and conditions of their employment, and determined the rates and methods of any compensation in exchange for their employment.

105.    Defendants, in violation of NYLL § 652(1) and the supporting regulations of the New York State Department of Labor, paid Plaintiffs less than the minimum wage.

106.    Defendants' failure to pay Plaintiffs the minimum wage was willful within the meaning of N.Y. Lab. Law § 663.

107.    Plaintiffs were damaged in an amount to be determined at trial.

## FOURTH CAUSE OF ACTION

### VIOLATION OF THE OVERTIME PROVISIONS

### OF THE NEW YORK STATE LABOR LAW

108.    Plaintiffs repeat and reallege all paragraphs above as though fully set forth herein.

109.    Defendants, in violation of N.Y. Lab. Law § 190 *et seq*., and supporting regulations of the New York State Department of Labor, failed to pay Plaintiffs overtime compensation at rates of one and one-half times the regular rate of pay for each hour worked in excess of forty hours in a work week.

110.    Defendants' failure to pay Plaintiffs overtime compensation was willful within the meaning of N.Y. Lab. Law § 663.

111.    Plaintiffs were damaged in an amount to be determined at trial.

## FIFTH CAUSE OF ACTION

## VIOLATION OF THE SPREAD OF HOURS WAGE ORDER

## OF THE NEW YORK COMMISSIONER OF LABOR

112.    Plaintiffs repeat and reallege all paragraphs above as though fully set forth herein.

113.    Defendants failed to pay Plaintiffs one additional hour's pay at the basic minimum wage rate before allowances for each day Plaintiffs' spread of hours exceeded ten hours in violation of NYLL §§ 650 *et seq*. and 12 N.Y.C.R.R. §§ 146-1.6.

114.    Defendants' failure to pay Plaintiffs an additional hour's pay for each day Plaintiffs' spread of hours exceeded ten hours was willful within the meaning of NYLL § 663.

115.    Plaintiffs were damaged in an amount to be determined at trial.

## SIXTH CAUSE OF ACTION

## VIOLATION OF THE NOTICE AND RECORDKEEPING

## REQUIREMENTS OF THE NEW YORK LABOR LAW

116.    Plaintiffs repeat and reallege all paragraphs above as though fully set forth herein.

117.    Defendants failed to provide Plaintiffs with a written notice, in English and in Spanish (Plaintiffs' primary language), containing: the rate or rates of pay and basis thereof, whether paid

by the hour, shift, day, week, salary, piece, commission, or other; allowances, if any, claimed as part of the minimum wage, including tip, meal, or lodging allowances; the regular pay day designated by the employer; the name of the employer; any "doing business as" names used by the employer; the physical address of the employer's main office or principal place of business, and a mailing address if different; and the telephone number of the employer, as required by NYLL §195(1).

118.     Defendants are liable to each Plaintiff in the amount of $5,000, together with costs and attorneys' fees.

## SEVENTH CAUSE OF ACTION

## VIOLATION OF THE WAGE STATEMENT PROVISIONS

## OF THE NEW YORK LABOR LAW

119.     Plaintiffs repeat and reallege all paragraphs above as though fully set forth herein.

120.     With each payment of wages, Defendants failed to provide Plaintiffs with an accurate statement listing each of the following: the dates of work covered by that payment of wages; name of employee; name of employer; address and phone number of employer; rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; gross wages; deductions; allowances, if any, claimed as part of the minimum wage; net wages; the regular hourly rate or rates of pay; the overtime rate or rates of pay; the number of regular hours worked; and the number of overtime hours worked, as required by NYLL 195(3).

121.     Defendants are liable to each Plaintiff in the amount of $5,000, together with costs and attorneys' fees.

## EIGHTH CAUSE OF ACTION

## RECOVERY OF EQUIPMENT COSTS

122.    Plaintiffs repeat and reallege all paragraphs above as though fully set forth herein.

123.    Defendants required Plaintiffs to pay, without reimbursement, the costs and expenses for purchasing and maintaining equipment and "tools of the trade" required to perform their jobs, further reducing their wages in violation of the FLSA and NYLL.  29 U.S.C.  § 206(a); 29 C.F.R. § 531.35; N.Y. Lab. Law §§ 193 and 198-b.

124.    Plaintiffs were damaged in an amount to be determined at trial.

## NINTH CAUSE OF ACTION

## VIOLATION OF THE TIMELY PAYMENT PROVISIONS

## OF THE NEW YORK LABOR LAW

125.    Plaintiffs repeat and reallege all paragraphs above as though set forth fully herein.

126.    Defendants did not pay Plaintiffs  on a regular weekly basis, in violation of NYLL §191.

127.    Defendants are liable to each Plaintiff in an amount to be determined at trial.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs respectfully request that this Court enter judgment against Defendants by:

(a)      Designating this action as a collective action and authorizing prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to all putative class members apprising them of the pendency

of this action, and permitting them to promptly file consents to be Plaintiffs in the FLSA claims in this action;

(b)    Declaring that Defendants violated the minimum wage provisions of, and Sagal Meat Market rules and regulations under, the FLSA as to Plaintiffs and the FLSA Class members;

(c)    Declaring that Defendants violated the overtime wage provisions of, and Sagal Meat Market rules and regulations under, the FLSA as to Plaintiffs and the FLSA Class members;

(d)    Declaring that Defendants violated the recordkeeping requirements of, and associated  rules and regulations under, the FLSA with respect to Plaintiffs' and the FLSA Class members' compensation, hours, wages, and any deductions or credits taken against wages;

(e)    Declaring that Defendants' violations of the provisions of the FLSA were willful as to Plaintiffs and the FLSA Class members;

(f)    Awarding Plaintiffs and the FLSA Class members damages for the amount of unpaid minimum wage, overtime compensation, and damages for any improper deductions or credits taken against wages under the FLSA as applicable;

(g)    Awarding Plaintiffs and the FLSA Class members liquidated damages in an amount equal to 100% of their damages for the amount of unpaid minimum wage and overtime compensation, and damages for any improper deductions or credits taken against wages under the FLSA as applicable pursuant to 29 U.S.C. § 216(b);

(h)    Declaring that Defendants violated the minimum wage provisions of, and rules and orders promulgated under, the NYLL as to Plaintiffs;

(i)    Declaring that Defendants violated the overtime wage provisions of, and rules and orders promulgated under, the NYLL as to Plaintiffs;

(j)    Declaring that Defendants violated the spread-of-hours requirements of the NYLL and supporting regulations as to Plaintiffs;

(k)    Declaring that Defendants violated the timely payment provisions of the NYLL as to Plaintiffs;

(l)    Declaring that Defendants violated the notice and recordkeeping requirements of the NYLL with respect to Plaintiffs' compensation, hours, wages and any deductions or credits taken against wages;

(m)    Declaring that Defendants' violations of the provisions of the NYLL and spread of hours wage order were willful as to Plaintiffs;

(n)    Awarding Plaintiffs damages for the amount of unpaid minimum wage and overtime compensation, and for any improper deductions or credits taken against wages, as well as awarding spread of hours pay under the NYLL as applicable

(o)    Awarding Plaintiffs damages for Defendants' violation of the NYLL notice and recordkeeping provisions, pursuant to NYLL §§198(1-b), 198(1-d);

(p)    Awarding Plaintiffs liquidated damages in an amount equal to one hundred percent (100%) of the total amount of minimum wage, overtime compensation, and spread of hours pay shown to be owed pursuant to NYLL § 663 as applicable; and liquidated damages pursuant to NYLL § 198(3);

(q)    Awarding Plaintiffs and the FLSA Class members pre-judgment and post-judgment interest as applicable;

(r)    Awarding Plaintiffs and the FLSA Class members the expenses incurred in this action, including costs and attorneys' fees;

(s)     Providing that if any amounts remain unpaid upon the expiration of ninety days following issuance of judgment, or ninety days after expiration of the time to appeal and no appeal is then pending, whichever is later, the total amount of judgment shall automatically increase by fifteen percent, as required by NYLL § 198(4); and

(t)     All such other and further relief as the Court deems just and proper.

## JURY DEMAND

 Plaintiffs demand a trial by jury on all issues triable by a jury.

Dated: New York, New York
            February 7, 2025

                                    MICHAEL FAILLACE ESQ.

                    By:     _____/s/ Michael Faillace_____
                            Michael Faillace [MF-8436]
                            60 East 42nd Street, Suite 4510
                            New York, New York 10165
                            Telephone: (212) 317-1200
                            Facsimile: (212) 317-1620
                            *Attorneys for Plaintiffs*