# LEVIN-EPSTEIN & ASSOCIATES, P.C.

420 Lexington Avenue, Suite 2458 • New York, New York 10165
T: 212.792.0048 • E: Jason@levinepstein.com

October 14, 2025

**MEMO ENDORSED (page 2)**

<u>*Via Electronic Filing*</u>
The Hon. Jennifer H. Rearden, U.S.D.J.
United States District Court
Southern District of New York
500 Pearl Street
New York, New York 10007

     **Re:** *Reyes et al v. 65 Burnside Meat Market Corp. et al*
       <u>Case No.: 25-cv-01132</u>

Dear Honorable Judge Rearden:

  This law firm has recently been retained by Defendants 65 Burnside Meat Market Corp, Sagal Meat Market III Inc., Sagal Fish Market Inc., Jose Sanchez, Victor Sanchez, Lenny Sanchez, and Fernando Sanchez (collectively, the "Defendants") in the above-referenced action.

  Pursuant to Your Honor's Individual Practices 2(E), and the directives contained in Your Honor's October 14, 2025 Order [Dckt. No. 57], the following letter serves as a *nunc pro tunc* request for an extension of time to respond to the Complaint [Dckt. No. 1] (the "Complaint") filed by Plaintiff Jose Pablo Reyes (the "Plaintiff") to, through and including November 14, 2025.

  This letter further serves as a request to vacate the Clerk's Certificates of Default against the Defendants entered on September 3, 2025. [Dckt. Nos. 40-46] (the "Clerk's Defaults").

  This is the first request of its nature, and is made on consent of Plaintiff's counsel. If granted, this extension would not affect any other scheduled deadlines.

  As set forth more fully herein, "good cause" exists to set aside the Clerk's Defaults pursuant to Federal Rule of Civil Procedure ("Fed.R.Civ.P.") 55(c).

  Fed.R.Civ.P. 55(c) provides: "For good cause shown the court may set aside an entry of default." "Because Rule 55(c) does not define the term 'good cause,' the Second Circuit has established three factors that must be assessed in order to decide whether to relieve a party from default or from a default judgment. These widely accepted factors are: (1) whether the default was willful; (2) whether setting aside the default would prejudice the adversary; and (3) whether a meritorious defense is presented. Because defaults are generally disfavored and are reserved for rare occasions, when doubt exists as to whether a default should be granted or vacated, the doubt should be resolved in favor of the defaulting party. In other words, 'good cause' and the criteria of the Rule 60(b) set aside should be construed generously." *Famous Music Corp. v. 716 Elmwood, Inc*., 2006 U.S. Dist. LEXIS 32140, *2-3 (W.D.N.Y. 2006) (internal citations and quotations omitted). Here, Defendant has met all three of Fed.R.Civ.P. 55(c)'s good cause factors, especially considering Plaintiff consents to this request.

First, "[t]he Second Circuit has held that when determining whether a default has been willful, the court should look for bad faith, or at least something more than mere negligence, before rejecting a claim of excusable neglect based on an attorney's or a litigant's error." *Famous Music Corp.*, 2006 U.S. Dist. LEXIS 32140, *3-4 (citing *American Alliance Ins. Co. v. Eagle Ins. Co.*, 92 F.3d 57, 60 (2d. Cir. 1997)).

Here, the record reflects no willful conduct whatsoever. Defendants were never served with the February 7, 2025 Summons and Complaint as they did not receive anything from the Secretary of State. Therefore, Defendants' failure to respond to the Complaint was not willful, in bad faith, or something more than mere negligence. Next, Plaintiff is not prejudiced if the Court vacates the Clerk's Defaults in this case. Vacating the Clerk's Defaults will not affect any of Plaintiff's rights or her ability to obtain the relief he seeks if he prevails. Most importantly, Plaintiff does not assert that there is any prejudice to vacating the Clerk's Defaults in this case as Plaintiff consents to Defendant's request to vacate it.

Finally, Defendants have demonstrated the existence of meritorious defenses to Plaintiff's claims. Defendants deny the allegations in the Complaint, and intend to assert numerous affirmative defenses.

In light of the foregoing, it is respectfully requested that the Court extend Defendants' deadline to respond to the Complaint to, through and including, November 14, 2025, and vacate the Clerk's Defaults.

We thank the Court for its attention to this matter, and are available at the Court's convenience to answer any questions related to the foregoing.

Thank you, in advance, for your time and consideration.

APPLICATION GRANTED. Defendants' deadline to answer or otherwise respond to the Complaint is hereby extended *nunc pro tunc* to **November 14, 2025**.

The Clerk of Court's Certificates of Default at ECF Nos. 40-46 are VACATED, and Plaintiffs' motion for default judgment at ECF No. 51 is DENIED as moot. The Clerk of Court is directed to terminate ECF Nos. 51 and 59.

SO ORDERED.

*/s/ Jennifer H. Rearden*
Jennifer H. Rearden, U.S.D.J.
Dated: October 17, 2025

Respectfully submitted,

LEVIN-EPSTEIN & ASSOCIATES, P.C.

By: */s/ Jason Mizrahi*
    Jason Mizrahi
    420 Lexington Avenue, Suite 2458
    New York, NY 10170
    Tel. No.: (212) 792-0048
    Email: Jason@levinepstein.com
    *Attorneys for Defendants*

VIA ECF: All Counsel